# TOWN OF NEW HAVEN *v.* TOWN OF MIDDLEBURY.

*Towns must support resident paupers.    Who are transients.*

Under No. 42, acts of 1886, known as the Poland Pauper Law, no recovery can be had by the town in which the pauper actually resides as against the town in which he has a three years' residence.  For (a) towns must support those paupers who reside within their limits ; and (b) such a pauper is not a transient person, and in that case alone does the statute permit a recovery.

Assumpsit for money expended in the support of a pauper. The case came into the County Court upon an appeal from the judgment of a justice of the peace, and was heard at the June term, 1890, Taft, J., presiding, upon an agreed statement of facts.    Judgment for the plaintiff.

The defendant excepts.

The agreed statement was as follows :

" The alleged pauper, Charles Bartlett, resided in Middlebury, maintaining himself and family for nine years before and up to the 18th of July in the year 1886, when he purchased and took a deed in fee of a small house or shanty in New Haven, with the land on which the same stood, and a small garden spot therewith, the whole of the value of $60, and in said month of July, 1886, moved from Middlebury with his wife and two children to said house or shanty in New Haven, where he and his said wife and children have ever since lived and still live ; that on the 29th day of July, 1889, the overseer of the poor of said New Haven gave to the overseer of the poor of said Middlebury a written notice of that date, a copy of which is hereto annexed and made part of this statement ; that after the giving of said notice up to the bringing of this suit, said New Haven had expended in the support of said Bartlett and family the sum of seventy-two and 10-100th dollars, and that the same was necessary for their support, unless the possession and ownership of said real estate by said Bartlett made it unnecessary ; that on the

26th day of August, A. D. 1889, said Bartlett made a mortgage of said real estate valid and sufficient to convey title to the same to secure a debt of $60 and the interest that should accrue thereon, which mortgage debt is still wholly outstanding and unpaid. It is further agreed that said Bartlett first applied for assistance to the town of New Haven on the 17th of November, A. D. 1888, and did then receive assistance from said town, and between that time and the service of the notice on the defendant town the plaintiff expended the sum of $68.72 in such support."

*Bliss & Royce*, for the defendant.

Towns must support the paupers who actually reside within them. That is the language of the act as amended by No. 42, Acts of 1886, and the word " reside " should be given its normal meaning.

*Worcester* v. *East Montpelier*, 61 Vt. 139; *Marshfield* v. *Tunbridge*, 20 At. Rep. 106.

The right of one town to compel payment from another for the support of its paupers is purely statutory, and there is no such right except as the statute affords the remedy.

Roberts' Dig. 518, § 192 and cases cited; Morrison's Dig. 513; *Meredith* v. *Canterbury*, 3 N. H. 80; *Otis* v. *Strafford*, 10 N. H. 352; 1 N. H. 52; 21 N. H. 327.

The present statute affords no remedy in case the pauper has come to reside.

*Dalton* v. *Hinsdale*, 6 Mass. 501; 12 Pick. 5; *Augusta* v. *Chelsea*, 47 Me. 367.

*Geo. E. Lawrence* and *E. G. Hunt*, for the plaintiff.

The word reside as used in the statute must be given the meaning put upon it by the statute itself. The statute declares that a person's residence shall be deemed to be, for the purposes of that act, in the town where he last lived three full years, maintaining himself. A person resides for the purposes of the act, in the town where he has his residence. This pauper was

therefore, under the meaning of that act, a resident of Middlebury.

If he was a resident of Middlebury then he must be, within the contemplation of the act, a transient as to all other towns. Hence he was a transient in New Haven, and R. L. 2814, as amended, gave that town the remedy sought in this action.

The opinion of the court was delivered by

ROSS, Ch. J. From the agreed case it appears that the alleged pauper, Charles Bartlett, before July 18, 1886, had resided in Middlebury for more than three consecutive years maintaining himself and family. At that date he moved with his family into the town of New Haven and has continued to reside there. In November, 1888, he applied to the overseer of the poor of New Haven for assistance, and was aided by him. The town of New Haven treated him as a transient pauper, and duly notified the town of Middlebury, and, in this suit, seeks to recover for the support thus furnished. The contention among others, is whether, under the pauper law, as it existed after the passage of No. 42 of the acts of 1886, Charles Bartlett was a transient pauper for whose support the defendant was liable. No. 42 of the acts of 1886, effected a radical change in the pauper law of the state. It repealed all the provisions of the statute relating to legal settlements, and all provisions in regard to orders of removal of persons, having a legal settlement in some other town, who had come into the town, furnishing aid, to reside. It amended R. L. 2814 so that it reads "*every town shall relieve and support poor and indigent persons residing therein,* when they are in need thereof." The language of this section, considered by itself, clearly casts the burden upon every town to support all paupers *residing* therein. The word residing, was by the act of 1886 substituted for *lawfully settled.* Under the old law, and the decisions of this court thereon, there was a

marked distinction between a pauper lawfully settled in a town, and one simply residing therein. . If the pauper's lawful settlement was in some other town, the town where he became in need of relief was not bound to support him although he was residing therein. It might by an order of removal cast the burden of his support upon the town of the pauper's legal settlement. But the act of 1886 not only repealed all provisions relating to an order of removal, but changed the language of this section, so that it made it the duty of the town not only to relieve, for the time being, but to support paupers residing in it. The act of 1886 also amended R. L. 2817, by striking out all that related to the pauper having a legal settlement, and being subject to an order of removal to the town of his legal settlement, and left it reading, "The overseers shall provide for the immediate comfort and relief of persons residing or found in their respective towns, when they are in distress and in need of immediate relief." Here the duty of furnishing relief is extended not only to, but beyond persons who are in need thereof residing in the town, to such persons as are found therein. By Sec. 13, of the Act of 1886, it is declared that : "For all purposes under this Act the residence of a person shall be in the town in which he last resided for the term of three full years, maintaining himself and family." It is contended by the plaintiff that the legislature, having here defined what it meant by the word residence, the same meaning should be placed upon the words "resides," "residing" and "resided," wherever they occur in the Act. But it would be difficult to place this meaning upon these words. The language of Sec. 13, impliedly, if not directly, recognizes this difference. Without the qualifying words, it does not so limit the meaning of the word resided, as therein used. The legislature saw the necessity of defining what it meant by the word residence, knowing that without such a definition, it legally had a broader meaning. It is fair to presume it would have declared it if it

had intended in like manner to narrow the meaning of the words, resides, residing and resided. But it has not done so. In addition, it has only left for one town to seek relief against another for the support furnished, R. L. 2818, the old provision in regard to transient paupers. It left R. L. 2818, relating to this class of paupers, wholly unchanged, so far as it defines this class of paupers. Who were included in this class of paupers, had become definitely settled by a long line of decisions. It was well settled that a person who had taken up his residence in the town, when he became in need of relief, was not included. It only applied to a person who, in the language of the statute, "is suddenly taken sick or lame, or is otherwise disabled and confined at any house, in any town, or is committed to jail and is in need of relief," away from the town in which he resided; in which case, the town where he was confined could furnish the necessary relief, upon proper application, and recover therefor from the town in which he was legally settled. But if the person had come to reside in the town when he needed relief, this section was not applicable, but the town furnishing the relief must resort to an order of removal, which is now taken away. It can not well be supposed that the legislature, and especially the late Judge Poland, who introduced the Act of 1886, and had it in charge as chairman of the judiciary committee, did not know that the language of R. L. 2818, as left by the Act of 1886, as well as the construction placed upon it by this court in repeated decisions, rendered it wholly inapplicable to the case of a person who had taken up his residence in a town. Neither can it well be supposed that the legislature, having amended R. L. 2814 so that it was the duty of every town to *relieve and support poor and indigent persons residing therein*, would have failed to provide for some right and method of recovery to the town furnishing relief, under this section, to a person who was residing therein, but had not acquired a residence therein as defined by the Act of 1886, if it had intended that the word, residing, there used, should be construed

New Haven *v.* Middlebury.

differently from what it had been, or that it should carry a meaning other than its ordinary meaning. The relief and support of paupers are wholly imposed by statute, and the right of the town furnishing support to recover therefor against some other town is also wholly given and regulated by statute. We do not think upon any fair construction of the pauper law as left by the Act of 1886, Charles Bartlett was a transient pauper in the plaintiff town at the time the relief was furnished. The word transient is the opposite of resident. The latter describes a person at rest in a town, while the former describes him in his passage through or across it. Without considering the other contentions urged by the defendant, we are clear that the plaintiff has no right, under existing law, to recover for supporting the pauper on the claim that he was a transient pauper.

*The judgment is reversed, and judgment rendered for the defendant to recover its costs.*