[S. F. No. 594.   Department One.—May 21, 1897.]

## DELIA McDOWELL, Respondent, v. HENRY W. HYMAN et al., Appellants.

Landlord and Tenant—Tenancy of Upper Floors—Issue as to Third Floor—Damage from Repair of Second Floor—Appeal—Review of Verdict—Conflicting Evidence.—In an action by one claiming to be the tenant of the third and fourth floors of a building, to recover from the landlord damages resulting from his repair of the second floor, where issue was taken as to plaintiff's tenancy of the third floor, and the evidence was conflicting on that issue, but the testimony of plaintiff, if believed, was sufficient to prove such tenancy, a verdict for the plaintiff will not be disturbed, as being contrary to the evidence on that question.

Id.—Instruction—Question of Fact—Damages not Excessive.—Where the court instructed the jury that the question as to the tenancy of the third floor was one of fact for their determination, and that if they found on that question in favor of defendants, and further found that plaintiff was entitled to recover, it could only be for such damages as were sustained in the use and enjoyment of the fourth floor, and to the property thereon, and from plaintiff's testimony it appeared that injury was sustained upon the fourth floor which might support the verdict as to the amount of damages, irrespective of the testimony as to injury sustained upon the third floor, it cannot be said that the amount of the verdict is so excessive as to warrant the inference that it was given under the influence of passion or prejudice.

Id.—Liability of Landlord—Disturbance of Quiet Enjoyment—Breach of Implied Covenant—Negligence—Pleading.—The principal covenant on the part of a landlord, which, if not expressed, is implied, is that his tenant shall have the quiet enjoyment and possession of the premises during the term; and although the landlord, who has leased the upper floors of his building, has a right to alter and improve the lower floor, yet if, in so doing, he commits a breach of his implied covenant not to disturb the quiet enjoyment of the tenant, he is liable to the tenant in damages for the resulting injury; and the cause of action of the tenant against him is based upon breach of such covenant; and the complaint need not aver negligence on the part of the landlord, nor is any proof thereof required.

Id.—Tenancy of Flats or Floors — Separate Tenements — Common Entrance.—Flats or floors of a house, when leased separately to tenants, are as much separate dwellings as adjoining houses, and the letting of them creates a tenancy in real estate, where the owner does not retain control of the whole premises, though there may be a common entrance in charge of the landlord or his servant.

Appeal from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion.

*Naphtaly, Freidenrich & Ackerman,* for Appellants.

*Smith & Murasky,* for Respondent.

SEARLS, C.—This is an action to recover damages sustained by the plaintiff as a tenant of the defendants of the third and fourth floors of the building 105 Stockton street, San Francisco, by reason of repairs and alterations made by defendants upon the second floor of said building, whereby the business of the plaintiff as the keeper of a lodging-house was injured; her water supply cut off, her furniture damaged by dust and lime; her ingress and egress interfered with by *debris* in the halls and on the stairs, in consequense of which her lodgers forsook their rooms, etc.

The answer denies that plaintiff was at any time an occupant of the third floor of said building as a tenant of the defendants, or otherwise; admits that they made repairs on the second floor, and that plaintiff was their tenant of the fourth floor of the house up to April 1, 1889, and deny most of the other allegations of the amended complaint.

Plaintiff had a verdict for nine hundred dollars, upon which judgment was entered.

Defendants appeal from the judgment and from an order denying their motion for a new trial.

The first point made by appellants for reversal, is that the evidence was not sufficient to warrant the jury in finding that plaintiff was the tenant of the third floor of of the building.

Upon this point there is a substantial conflict in the evidence, and in such cases the verdict will not be disturbed upon the ground that it is contrary to the evidence.

If the jury believed the testimony of the plaintiff they were justified in finding in her behalf on the question under consideration.

Again, the court instructed the jury very clearly that the question of the tenancy of plaintiff of the third floor

was one of fact for their determination, and that if they found on that question in favor of defendants, and found further that plaintiff was entitled to recover, then, and in that case, it could only be for such damages as she sustained in the use and enjoyment of and to the property in and on the fourth floor.

*Non constat*, but that the jury may have found plaintiff was not the tenant of the third floor, but at the same time found her entitled to recover nine hundred dollars on account of the disturbance to her use and enjoyment of the fourth floor, and the consequent destruction of her business by the loss of her lodgers, which business, as she testified, yielded her a profit of several hundred dollars per month, coupled with injury to her furniture, etc.

In this state of the case, we are not prepared to say that the verdict is, in the light of the evidence, so excessive as to warrant the inference that it was given under the influence of prejudice or passion.

2. The second point made by appellant is that the complaint does not state facts sufficient to constitute a cause of action.

The sufficiency of the complaint, and the propriety of the action of the court in giving and refusing instructions to the jury, depend mainly upon the same general principle.

The complaint does not count upon the negligence of the defendants in making repairs upon the second floor of the building, but is founded upon the theory that plaintiff was the tenant of defendants of the two upper floors of the building; that defendants, as owners of the building, conducted certain alterations and improvements on the second floor by tearing out partitions and walls, putting in new partitions, plastering, removing the front doors, etc., whereby plaintiff was damaged, and her quiet enjoyment of the premises as a tenant was interfered with.

The contention of appellants is that the law relating to landlord and tenant, where lodgings or apartments

or floors are rented, is different from what it is where an entire building is rented.

That, in the latter case, the premises pass into the exclusive possession and control of the tenant; but that in the former case, that is to say, where a portion only of a building is let and the tenant has rights in common with the landlord and other tenants, the landlord retains all the rights and is subject to all the responsibilities of a general owner to all persons, including the tenant or tenants of his building.

That in such cases the principle is deducible that only that which is reasonably essential to the enjoyment of the premises leased passes to the tenant, and that, as to the portions of a building retained by the landlord, he has all the rights of an owner, and is only liable for the negligent exercise of those rights.

Put more tersely, the contention is that, in the case at bar, the defendants are only liable for negligence, and, as negligence is not charged in the complaint, the pleading was insufficient, and the instructions, which proceeded upon the theory that plaintiff could recover without an allegation and proof of negligence, are erroneous.

"An agreement to let upon hire, binds the letter to secure to the hirer the quiet possession of the thing hired during the term of the hiring, against all persons lawfully claiming the same." (Civ. Code, sec. 1927.)

The principal covenant on the part of a landlord, which, if not expressed, is implied, is that his tenant shall have *the quiet enjoyment and possession of the premises* during the continuance of the term.

" This covenant, whether expressed or implied, means *that the tenant shall not be evicted* or disturbed by the lessor or by persons deriving title from him, or by virtue of a title paramount to his, and implies no warranty against the acts of strangers. It is equivalent to a stipulation that the lessee shall not be rightfully disturbed in his possession during the term, not that he

shall not be disturbed at all." (1 Taylor on Landlord and Tenant, sec. 305.)

If a tenant is evicted, or his possession disturbed by another tenant of a portion of the same premises, or by any other stranger to the title, the covenant is not broken, and his redress is not against the landlord, but against the wrongdoer.

" Flats are as much separate dwellings as ordinary adjoining houses are. The difference is that flats are under one roof, and are divided one from another by a horizontal plane, but ordinary adjoining houses, by a perpendicular or vertical plane." (*Stamper* v. *Sunderland*, L. R. 3 C. P., 400.)

"Where these flats are separate tenements, though under one roof, yet if the owner does not reside as such on the premises, or retain control of the whole, a letting will create a tenancy and interest in real estate, though there is an outer door or gate in charge of a porter, as the tenants have an equal control thereof or easement therein." (Taylor on Landlord and Tenant. sec. 66.)

A mere lodger is one who occupies a room or portion of a tenement, which is under the control or in the occupancy of another, and he has no interest in real estate.

Counsel for appellants have discussed at some length the relative rights of separate tenants in the same tenement or building. Ordinarily they occupy no contractual relation to one another, and their rights and liabilities depend upon different principles.

We are here concerned with the question of the rights between landlord and tenant, upon the former of whom rests the implied agreement for the quiet enjoyment and possession by the latter of the premises she occupied.

The landlords, as the owners of the second floor, had an undoubted right to repair, alter, and improve that portion of their premises, but in so doing they were bound by their implied agreement to so conduct their operations as not to dispossess or render uninhabitable the portion of the building they had demised to others, and if they failed in this duty they were liable to their

tenant irrespective of the question of negligence. As against third parties they could take down the outer or inner walls of the building at will, subject only to such negligence and consequent injury as might render them liable to parties injured thereby, but as against their tenant they could not do the same thing, even in the most careful manner, if the result destroyed the quiet enjoyment of such tenant.

This was the distinction taken by the learned judge in overruling the demurrer to plaintiff's complaint, and in giving and refusing instructions to the jury, in all of which we think he was correct.

We would gladly examine the several instructions *seriatim,* but their length and the space already occupied forbids our so doing. A careful analysis of those instructions convinces us that, within the theory we have enunciated, no reversible error was committed at the trial, and we recommend that the judgment and order appealed from be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.

Hearing in Bank denied.