HENRY A. GARDNER

*v.*

MARY C. MEEKER, Admx.

*Opinion filed November 8, 1897.*

1. DEPOSITIONS—*section 28 of Evidence act construed as to who is a non-resident witness.* The term "a non-resident witness," as used in section 28 of the Evidence act, (Rev. Stat. 1874, p. 493,) refers to a witness who resides outside of the county where suit is brought as well as to one who resides outside of the State, and the right to oral examination exists in both cases.

2. APPEALS AND ERRORS—*when error in suppressing deposition is not well assigned.* One cannot assign as error the action of the trial court in suppressing certain depositions, where he makes no motion for a continuance, but goes to trial and produces part of the witnesses whose depositions were taken, whose testimony covers the matter embraced in the suppressed depositions.

3. EVIDENCE—*question of relevancy of evidence is for the court.* Just how long before or after the transaction in issue evidence of collateral matters shall extend, must be determined by the trial court in the exercise of its sound discretion, in view of the circumstances of each particular case.

4. SAME—*evidence of similar acts for period of three months after transaction in issue, relevant.* Where the defense to a note is that it was based on a gaming transaction, evidence of a chain of similar transactions between the parties, covering a period of three months after the giving of the note sued on, is relevant and competent.

5. SAME—*when plea of set-off filed in another suit is not competent as an admission.* A plea of set-off and a copy of account, filed by the defendant to a declaration in another suit, are not admissible in evidence as an admission by the defendant, without the introduction in evidence of the declaration to which they are filed.

6. TRIAL—*when court may permit issues to be changed—right of defendant to open and close.* The trial court may, in its sound discretion, allow the defendant, on going to trial, to withdraw the general issue and rely upon special pleas, and in such case the defendant, having the affirmative of the issue, has the right to open and close.

7. SAME—*court may permit filing of additional pleas in midst of trial.* The court may, in its sound discretion, allow the defendant to file additional special pleas in the midst of the trial, and its action in that regard cannot be assigned as error by the plaintiff, where he fails to make an affidavit of surprise or ask for a continuance.

*Gardner* v. *Girtin*, 69 Ill. App. 422, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

F. R. HENDERSON, and E. E. DONNELLY, for plaintiff in error.

J. J. MORRISSEY, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was a suit in assumpsit upon a promissory note for $1000, given by John J. Girtin and William C. Girtin to Nash, Wright & Co., dated September 6, 1889, due in ninety days, and duly assigned to one Henry A. Gardner. The defendant John J. Girtin was not served. The defense made by William C. Girtin was, that the consideration of the note was a balance due upon certain transactions on the Board of Trade of Chicago, which were in violation of the statute against option dealing in grain, and the note was therefore void. There was a verdict and judgment for the defendant. A writ of error was prosecuted out of the Appellate Court for the Third District, where the judgment was affirmed, and this further writ of error

is now prosecuted.  William C. Girtin having died, his administratrix has been substituted as a party defendant.

That the transactions in question were gambling deals, with all other questions of fact, is settled by the judgment of the Appellate Court, and we shall notice only the errors of law assigned.  The first of these is stated and decided in the opinion of the Appellate Court by Wall, J., as follows:

"It is assigned as error that the court suppressed certain depositions taken by the plaintiff.  This involves the proper construction of section 28, of chapter 51, of the Revised Statutes.  The plaintiff had given notice that he would sue out a commission to take the depositions of certain named witnesses residing in this State more than one hundred miles from the place of holding court, upon written interrogatories, pursuant to section 26, and the defendant gave notice, under section 28, of his election to have the deposition taken upon interrogatories to be propounded orally, but the plaintiff, conceiving that the last named section is not applicable where the witness resides in this State, obtained a commission to take the depositions upon the written interrogatories, and it was so done, wherefore the court sustained the defendant's motion to suppress.

"What is meant by the term 'non-resident witness,' as found in the second line of section 28?  A non-resident is one who does not reside in or is not a resident of a particular place.  One may be a non-resident of the United States, or of a State, or of a county, or of any particular place.  It is contended by plaintiff in error that the term, as used here, refers to one not residing in the State.  It may as well refer to one not residing in the county, and there is as much reason for giving the right to oral examination where the witness resides in the State as where he resides beyond.  It would seem strange that the privilege should be accorded in the one case and denied in the other.  By section 25, when the witness resides out of

the county, his deposition may be taken orally. Using the term 'non-resident' in its primary and general sense, indicating one who is not a resident of a particular place, makes the provision applicable whether the witness is in or out of the State, which we have no doubt was the purpose of the legislature. We are therefore inclined to agree with the ruling of the court on this point.

"The plaintiff made no motion for a continuance in order to re-take the testimony or to obtain the attendance of the witnesses, but went to trial and produced two of the witnesses in person. These witnesses so produced seem to have been the most important and their testimony covered the whole subject, generally and in detail, upon which all of the witnesses whose depositions were taken were examined. It is not apparent that the ruling of the court, if erroneous, caused the plaintiff any particular harm. It is a common practice, where a deposition is suppressed, to ask for time in which to re-take it or obtain the presence of the witness, and in case the party has acted in good faith, though upon a mistaken view of the law, the court will, in its discretion, grant reasonable delay. In this instance, where the point involved was the construction of the statute, upon which difference of opinion might well arise, such an application would no doubt have been entertained. Had it been made and denied, and the party thereby deprived of material testimony, he would have been in better position here. Not having done so we are disposed to hold that, even though the court may have been mistaken in its construction of the statute, the judgment should not be reversed for that cause."

For the reasons so stated we concur in the view that this error was not well assigned.

Complaint is also made that the trial court permitted evidence to be introduced as to transactions between the parties after the giving of the note sued on. The defense being that the consideration was illegal, in that it was

based upon gaming transactions, the intent of the parties in those transactions became very material,—in fact, the whole case turned on that question. The rule is well recognized that other acts of the same nature, if committed at or about the same time and when the same motive may reasonably be supposed to exist, are admissible, with a view to establish the intent with reference to the matters charged. (Abbott's Brief on Facts, sec. 487; *Mutual Life Ins. Co.* v. *Armstrong,* 117 U. S. 591.) The question of the relevancy of evidence is decided by the presiding judge, and just how long before or after the transaction in issue the evidence as to collateral matters shall extend, is to be answered largely by his sound, reasonable discretion and the facts in each particular case. Here the evidence showed a continuous chain of similar transactions between the same parties, extending about three months after the giving of the note sued on, and we are of the opinion the evidence was competent and relevant. And the transactions which were prior to the giving of the note were competent and relevant for the same purpose.

The refusal to permit the witness Janisch to testify what he understood by an "option," as used on the board of trade, if the testimony was proper, could in no way have prejudiced the plaintiff, because he testified fully as to the nature of the transactions in question, and also stated that there were no option trades in the consideration of this note.

The plaintiff has no cause of exception on account of the introduction and withdrawal of the declaration in another suit brought by Nash, Wright & Co., the payees in the note, against the same defendants. The purpose was to show that the note, after maturity, was in the hands of the payees, and therefore could not have been assigned before maturity, and to withdraw evidence tending to prove that fact could in no way injure the plaintiff.

It is next urged that it was error not to admit in evidence a plea of set-off, with a copy of account attached

thereto, which was pleaded to the declaration above mentioned, which it claimed is in the nature of an admission against the defendant of the application of a draft for $800 as a part payment upon the transactions which are merged into this note, and which are now claimed to have been gambling deals. The question as to how far statements made by a party to a suit, in pleadings filed in previous cases, are admissible in evidence, is one on which the authorities are conflicting, but the rule adopted in this State is that they are admissible, and their weight is to be determined from all the facts and circumstances under which they were made. (*Robbins* v. *Butler*, 24 Ill. 387; *Schmisseur* v. *Beatrie*, 147 id. 210.) But in this case the plea and copy of account were not admissible without the declaration, and when the latter was withdrawn from the jury by the ruling of the court, if the plaintiff desired the plea in evidence he should have offered the declaration also. The declaration was necessary to connect the admission, if it was an admission, with the note in question. Furthermore, if it could be considered error, it was without prejudice, because if part of the consideration of the note was illegal in the respect complained of, the plaintiff could not recover in this case, for the statute says, "where the whole or any part of the consideration thereof shall be for any money, property or other valuable thing won by gaming," etc., it shall be void and of no effect. This evidence, even in that view of the case, could not have changed the result.

Three special interrogatories were submitted to the jury, upon which they were directed to make a special finding. The first of these was modified by the court of its own motion and then given to the jury. This, it is insisted, was error. The modification was not so radical as to make the interrogatory a different one from the one submitted by counsel. The modification consisted of a correction which was necessary to prevent its being misleading, and of the addition of a clause which confined it

to the issues in the case at bar. There was nothing added which was prejudicial to the plaintiff's rights, and therefore it was proper. *Norton* v. *Volzke*, 158 Ill. 402.

After the trial had begun the defendant withdrew his plea of the general issue, and the court, over the objection of the plaintiff, permitted him to have the opening and closing of the argument. This, also, is assigned for error. The rule on the subject of the opening and closing of the argument is this: "That where the plaintiff has anything to prove in order to get a verdict, whether in an action *ex contractu* or *ex delicto*, and whether to establish his right of action or to fix the amount of his damages, the right to begin and reply belongs to him." (1 Thompson on Trials, sec. 228; *McReynolds* v. *Burlington and Ohio River Railway Co.* 106 Ill. 152.) The withdrawal of the plea of the general issue amounted to an admission of the right of the plaintiff to recover the amount of the note sued on, unless the defense alleged in the special pleas was proven by a preponderance of the evidence. There is no doubt that the defendant had a right, before the commencement of the trial, to withdraw the general issue and rely upon the special pleas, and if he did so, he would have the right to open and close. (*Harvey* v. *Ellithorpe*, 26 Ill. 418; *Carpenter* v. *First Nat. Bank*, 119 id. 352.) The trial court had the right, in the exercise of a sound, reasonable discretion, to permit the issues to be changed, and to allow the defendant, in consequence thereof, to assume the affirmative and to open and close the argument, as well after the case was on trial as before, and we think that discretion was not abused in this case. Nor was it error to permit the defense to file additional special pleas in the midst of the trial, no affidavit of surprise or application for continuance having been made.

With reference to the instructions we fully agree with the Appellate Court when they say: "As frequently happens, there were too many instructions,—at least more

than was necessary,—and there was much repetition, in varying forms and with more or less of argument. The series offered on each side was faulty in these respects. After an examination of all that was thus given by the court to the jury, we are of opinion that, in view of the evidence and the issue presented, the jury were not mis- led, and that the plaintiff was not prejudiced in any substantial degree by the instructions given for the de- fendant, when considered in connection with those given for the plaintiff." It is needless to go into details. The modifications made by the court were proper, and the in- structions refused, so far as they contained correct state- ments of the law, were chiefly repetitions of what had already been given.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BOGGS took no part.