RECKLING v. McKINSTRY.

(Circuit Court, D. South Carolina. February 4, 1911.)

REMOVAL OF CAUSES (§ 26*)—RESIDENCE—PLACE.

As affecting a federal court's jurisdiction, defendant is a resident of a state 'where he has lived for more than a year under an expressed intention to make his home there, where he has engaged in business, leased business property, bought a home, joined a chamber of commerce, and paid poll tax, though his affidavit resisting remand of the cause states that he "is not determined to make this his home, or to become a citizen of this state, but is seriously considering the advisability of moving back to his home in" another state.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 61; Dec. Dig. § 26.*]

Action by W. A. Reckling against G. P. McKinstry. On motion to remand. Case remanded.

Frank G. Tompkins and John J. McMahan, for plaintiff.
De Pass & De Pass, for defendant.

BRAWLEY, District Judge. This is a motion to remand the case above stated to the state court. It is a suit commenced November 5, 1910, in the court of common pleas for Richland county, growing out of a contract for the sale by the plaintiff to the defendant of a photograph business in the city of Columbia.

From the affidavits submitted it appears that McKinstry came to Columbia in the summer of 1909, and in the autumn negotiated with Reckling for the purchase of his photograph business, which had been long established in that city; that he then represented to plaintiff that he had come to Columbia to make that city his home. The negotiations culminated in a contract early in October, from which it appears that he purchased the plaintiff's business. It further appears that he obtained a lease for three years on the premises wherein the business was conducted; that he bought a home there in January, 1910, where he has since resided; that he joined the Chamber of Commerce of that city January 1, 1910, and in the spring of the same year returned himself as a taxable poll. In his affidavit resisting the motion to remand, McKinstry swears that he is a citizen of the town of Manchester, in the state of Connecticut, where he has resided for many years, and that he has paid poll tax there and is a registered voter; that he has never changed his citizenship, or determined to do so; that because of the severe winter he decided to try to live in the South because of the milder climate, and says:

"While it is true deponent has bought a house in the city of Columbia, and is conducting a studio business known as the McKinstry Studio in the city of Columbia, yet, notwithstanding, this deponent is not determined to make this his permanent home, or to become a citizen of this state, but, to the contrary, deponent and his mother, who lives with him, are seriously considering the advisability of moving back to his home in the town of Manchester, Conn."

In explanation of his payment of the poll tax in Richland county, he says that he has no recollection of the auditor having asked him if

he was liable for payment of the poll tax, and did not realize when he signed his return that he was returning himself liable for a poll tax. It further appears that he has been in Columbia continuously since the autumn of 1909. In the affidavit submitted for the purpose of removal McKinstry says:

"Your petitioner. G. P. McKinstry, was at the time of the commencement of this suit, and still is. a citizen of the state of Connecticut, and of no other state, residing in the city of South Manchester in said state, and now temporarily residing in the city of Columbia, S. C."

The removal act (Act March 3, 1875, c. 137, § 2, 18 Stat. 470 [U. S. Comp. St. 1901, p. 509]) provides that any suit of a civil nature of the character therein described "may be removed into the Circuit Court of the United States for the proper district, by the defendant or defendants therein being nonresidents of that state." It was decided in Parker v. Overman, 18 How. 141, 15 L. Ed. 318, that "citizenship" and "residence" are not synonymous terms, and, inasmuch as the removal acts provide for the removal by nonresidents, the question to be decided is not whether McKinstry is a citizen of Connecticut, but whether he is a resident of this state.

Worcester defines "residence" thus:

"Dwelling. having abode in any place. living. inhabiting, abiding, residing."

The Century Dictionary thus defines "resident":

"One who has a residence: in the legal sense a residence is defined as a place where a man's habitation is fixed, without a present purpose of removing therefrom."

Burrill's Law Dictionary defines a "resident" as:

"One who has a seat or settlement in a place, one who dwells, abides, or lives in a place; inhabitant. one who resides or dwells in a place for some time."

In Town of New Haven v. Town of Middlebury, 63 Vt. 399, 21 Atl. 608, the court says:

"The word 'resident' is the opposite of the word 'transient.' The former describes the person at rest in a town, while the latter describes him in his passage through or across it."

In Gardner v. Meeker, 169 Ill. 40, 48 N. E. 307, a nonresident is described as "one who does not reside in or is not a resident of a particular place." In Morgan v. Nunes, 54 Miss. 308, the court, in construing a statute providing for the issuance of a writ of attachment against a nonresident of the state, says:

"To constitute one a nonresident within the meaning of the law. it is not necessary that he should have abandoned his domicile, but one may have a residence in one place and a domicile in another."

In Fales v. Chicago, etc., Ry. Co. (C. C.) 32 Fed. 678, Judge Brown says:

"It is well established that 'citizenship' and 'residence' are not synonymous terms when used in connection with the question of jurisdiction; in other words. a person may be a citizen of one state and yet acquire a residence in another. It is also said that the statute recognizes a distinction between citizenship and residency in a given case. While the citizenship of the par-

ties may be diverse, the defendant may be in fact a resident, though not a citizen of the state, and that thereby the right of removal may be defeated."

In The Penelope, Fed. Cas. No. 16,024, Judge Peters, quoting from his opinion in Hylton v. Brown, Fed. Cas. No. 6,981, says:

"The following has always been my definition of the word 'resident' or 'inhabitant,' which in my view mean the same thing. An inhabitant or resident is a person coming into a place with intention to establish his domicile or permanent residence and in consequence resides. Under this intent, he takes a house or lodgings as one fixed and stationary, and opens a store, or takes any step preparatory to business or in execution of this settled intention. The time is not so essential as the intention executed by making or beginning the actual establishment, though it is abandoned in a shorter or longer period. The mere transitory coming for a special purpose, a mere transient visit, does not fall within the legal meaning of the word 'resident.' He must have the intent of staying or abiding for permanent purpose, and begin it, though he does not continue to prosecute it. On the meaning, if doubt exists in common interpretation, we must be governed by the legal definition."

Here we have a man coming into the state expressing the intention of making his home here. He purchases a business of a character which for its development requires a residence more or less prolonged. He takes a lease on the premises wherein the business is located for a three-year term. He purchases a home, and has been continuously residing in it for more than a year. He joins the Chamber of Commerce, whose main object is the development of the town in which he lives, and pays the poll tax, which is only demanded of residents. By all the definitions he must be considered a resident of Columbia. While he says in his affidavit in resisting this motion that he "is not determined to make this his home, or to become a citizen of this state, but is seriously considering the advisability of moving back to his home in Connecticut," there is nothing in his affidavit and nothing appears elsewhere in the papers submitted to show that he is a nonresident within the meaning of the removal act.

It is therefore ordered that the case be remanded to the court of common pleas for the county of Richland.