[S. F. No. 13412.  In Bank.—January 27, 1931.]

UNITED STATES OF AMERICA, Respondent, v. ROSA ACKERMAN et al., Defendants; PAUL BAHR et al., Appellants.

William H. Johnson for Appellants.

Fred L. Thomas and Frank J. Waterhouse for Respondent.

WASTE, C. J.—This action was instituted under and pursuant to the provisions of sections 21 and 22 of title II of the National Prohibition Act (41 Stats. 305, 314; 27 U. S. C. A., secs. 33, 34, 99, 111). It terminated in the court below with the entry of a decree adjudging the "Alviso Hotel", situate in the county of Santa Clara, owned and conducted by defendant Rosa Ackerman, to be a common nuisance, and ordering the entire building closed for a period of one year. No appeal was taken by the owner of the building. Certain occupants of the hotel, none of whom had been made parties to the action, made themselves such, and moved the court below to vacate or modify its judgment on the ground, among others, that the moving parties were aggrieved by the effect of the judgment, and were materially injured as to their substantial rights. An affidavit filed in support of this motion set out that the several moving parties had been occupying rooms in the Alviso Hotel "as their private place of dwelling"; that at none of the times mentioned in the complaint had intoxicating liquors been kept or dispensed in any of their said rooms; and that by reason of the judgment and decree of abatement they had been ousted and ejected "from their several rooms and places of dwelling". From the order denying their motion to vacate or modify the judgment the moving parties prosecute this appeal.

A motion of the government to dismiss the appeal on the ground that the appellants "at no time had any interest in the subject matter of the action, for the reason that they were mere lodgers in said hotel", and were not, therefore, parties "aggrieved" within the meaning of section 938 of the Code of Civil Procedure, was denied, with leave to the respondent to renew the motion upon the final submission of the appeal, if so advised. (*United States* v. *Ackerman,* 208 Cal. 99 [280 Pac. 359].) The motion was renewed when the cause was argued.

■ As the conclusion we have reached disposes of the cause on its merits in keeping with the intent of the motion, we will consider merely the appeal. The transcript of the evidence heard in the court below discloses that the Alviso Hotel was an ordinary hotel or rooming-house. There was no showing that the building was divided into separate sets

of apartments or suites of rooms intended or used as homes or for residences of persons or families living independently of one another. The essential elements constituting an apartment or home were lacking. The occupants of the hotel who made themselves parties to the action after judgment, for the purpose of making the motion, were regarded and described by the proprietors of the hotel as "roomers". Most of them "worked in a nearby cannery". In the only affidavit filed in support of the motion it is alleged that the moving parties "engaged and rented of and from Rosa Ackerman . . . their various and several rooms in said hotel". In the light of all the surroundings as disclosed by the entire record, the averment that these parties used and occupied the rooms "as their private place of dwelling" adds nothing on which the movants can predicate an interest in those parts of the premises occupied by them which would render them "aggrieved" within the meaning of the law relating to appeals. (Code Civ. Proc., sec. 938. See, in this connection, *Fox* v. *Windemere Hotel etc. Co.*, 30 Cal. App. 162, 164 [157 Pac. 820].) They were mere lodgers, occupying rooms or portions of the hotel which was under the control and in the occupancy of the Ackermans, who owned and conducted it. They, therefore, had no interest in the real estate of which the building was a part. (*McDowell* v. *Hyman*, 117 Cal. 67, 71 [48 Pac. 984].)

Assuming that the appellants had such an interest, the decree of the court below closing the building for one year is binding on them, notwithstanding they were not made parties defendant before the cause was heard and judgment entered. The principal purpose of an action to abate a nuisance is a proceeding *in rem*, primarily against the property because it is maintained and used in violation of law. It must be regarded as settled law that, whatever means are reasonably necessary to abate such a nuisance, even to the extent of taking or destroying the property of an innocent owner, may be adopted without infringing any constitutional rights. (*United States* v. *Boynton*, 297 Fed. 261, 266, and cases cited.) The object of the proceeding to abate is preventive in its nature, and, to effect this, the interest of innocent persons in the property may

be divested. (*Engler* v. *United States*, 25 Fed. (2d) 37, 39.)

"In the exercise of its authority, and in compliance with the duty imposed upon it by the Eighteenth Amendment, to enforce such amendment 'by appropriate legislation', Congress has declared that any place where intoxicating liquor is unlawfully manufactured, sold, kept, or bartered is a public nuisance, and has made suitable provisions for the abatement of such a nuisance in proper legal proceedings. One of the means adopted by Congress as advisable and appropriate for the accomplishment of that object is permissive authority in a proper court of equity to order that the place of location of the offending nuisance 'shall not be occupied or used for one year thereafter', unless such court, in its discretion, shall permit such place to be occupied or used if the owner . . . shall give bond . . . This power to 'padlock' a place which has thus become a public nuisance is not made dependent upon a finding of knowledge or notice, on the part of any owner of such a place, of the existence of such nuisance." (*United States* v. *Boynton, supra,* p. 266.)

The order appealed from is affirmed.

Shenk, J., Curtis, J., Langdon, J., Seawell, J., Richards, J., and Preston, J., concurred.