[Civ. No. 11710.   First Dist., Div. One.   Nov. 27, 1941.]

DAVID B. EDWARDS, Appellant, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Scott & Eberhard and Ray C. Eberhard for Appellant.

Ray L. Chesebro, City Attorney, and Frederick von Schrader and Herbert L. Iasigi, Deputies City Attorney, for Respondents.

WARD, J.—Plaintiff appeals from a judgment against him entered upon the sustaining of defendants' demurrer to his complaint, without leave to amend. The action was brought to enjoin the prosecution of plaintiff for failure to pay a license tax to the city of Los Angeles in accordance with the

provisions of a general ordinance, No. 77,000 (art. 1, chap. 2 of the Los Angeles Municipal Code), imposing a variety of license taxes.

The complaint alleges: ''That plaintiff is . . . the owner of . . . real property being improved with a two-story frame apartment house building containing four apartments on the first floor and four apartments on the second floor . . . that each of said apartments is equipped with a kitchen, bathroom, toilet in addition to rooms intended for sleeping quarters and has living rooms and is intended for and is suitable for a dwelling for persons or families occupying the same; that each of said apartments is completely furnished with all furniture necessary to a place of residence for a family; that plaintiff, as the owner of said premises, does now, and at all times herein mentioned has rented apartments in said building for housekeeping purposes to the public generally.'' The complaint further alleges a demand by defendants on plaintiff for the payment of a license fee in connection with the above business; the service of a citation requiring the payment of such fee within seven days, and notification that failure to comply would result in a criminal complaint being issued against him.

Section 21.99 of the general ordinance above referred to and applicable herein is as follows: ''For every person engaged in the business of renting or letting any rooms in any hotel, rooming house, boarding house, apartment house or lodging house, the same fees as those prescribed for the business referred to in section 21.167 hereof shall be paid.'' The fees prescribed by section 21.167 are proportionate to gross receipts. Section 21.202 imposes the ordinary misdemeanor penalty for a violation of the provisions of the ordinance.

The ordinance carries a penalty clause for its violation, but it is not a regulatory penal statute. Upon its face it is an occupational license tax for revenue. (*In re Tepper,* 60 Cal. App. 98 [212 Pac. 220]; *Barker Bros., Inc.,* v. *Los Angeles,* 10 Cal. (2d) 603 [76 Pac. (2d) 97]; *City of Los Angeles* v. *Lankershim,* 160 Cal. 800 [118 Pac. 215].)

Appellant contends that the ordinance denies him equal protection of the laws, and contravenes the Constitution of the United States, the State of California and the Charter of the city of Los Angeles; that the practice of a landowner to rent his property does not constitute an occupa-

tion or engaging in business, and that the ordinance is so indefinite and uncertain as to be invalid as a penal ordinance. He further urges that there is an illegal and arbitrary classification of those on one hand who rent or let rooms in any hotel, rooming house, boarding house, apartment house or lodging house, who must pay the tax, and on the other hand, those renting similar accommodations in flats, bungalow courts, duplexes or single family residences, who, appellant contends, are not required to pay a tax. Respondents take the position that the ordinance does not make such classification. It is their view that a flat, bungalow court, duplex or single family residence may, in the circumstances of a particular case, constitute an apartment house, hotel, rooming house, boarding house or lodging house.

In an opinion of the Superior Court of the State of California, in and for the County of Los Angeles (*People* v. *Beach,* unreported, Superior Court No. Cr. A–1491, trial court No. 79782), upon an appeal from a judgment of the municipal court, to which opinion a dissent was filed, the constitutionality of the section of the ordinance in question was upheld, the court there saying: "There are, however, differences in the nature of these various things thus referred to, which separate them to some extent from those enumerated in the ordinance, and may, in the mind of the city council, have required a different rate of taxation, or justified their nontaxation." We believe the constitutionality of the section may be upheld upon a broader basis.

The general rule is that a legislative body has a wide discretion in enacting license taxes, and that unless unreasonableness plainly appears the determination of such body should be final. (*In re Schmolke,* 199 Cal. 42 [248 Pac. 244]; *Rainey* v. *Michel,* 6 Cal. (2d) 259 [57 Pac. (2d) 932, 105 A. L. R. 148].) If the ordinance applies to all those conducting like businesses in a similar manner, the ordinance should be upheld, but if it is not uniform in its application and exempts from its operation businesses of identical character, though bearing another name, there is an unreasonable classification, and the ordinance must be held invalid as discriminatory.

The question arises: Is there an intrinsic or natural distinction between the business of conducting a furnished apartment house, by letting and renting rooms, and conduct-

ing the same business in a flat, bungalow court, duplex or single family residence? The evident purpose of the ordinance is to require a license tax upon those engaged in the business of renting rooms for lodging accommodations. A lodger is one who has no interest in the realty, but who occupies part of a tenement which is under the control of another. (*McDowell* v. *Hyman,* 117 Cal. 67 [48 Pac. 984]; *United States* v. *Ackerman,* 211 Cal. 408 [295 Pac. 811].) Whether one is a tenant or a lodger is a mixed question of law and fact, the niceties of which need not be discussed herein, but it may be conceded that flats, duplexes and single dwelling houses in some instances offer accommodations to mere lodgers, sometimes referred to as guests or roomers. "Guests in a hotel, boarders in a boarding house, and roomers or lodgers, so called, are generally mere licensees and not tenants. They have only a personal contract, and acquire no interest in the realty." (1 McAdam on Landlord and Tenant, 5th ed., p. 239.) To the extent that an identical business is operated; that is, the renting of accommodations to lodgers, whether in a structure called a hotel, apartment, rooming house, boarding house, or lodging house, flat, bungalow court, duplex or single dwelling, is immaterial under the terms of the ordinance, the purpose of which is to collect license taxes in proportion to gross receipts.

An "apartment house" has been referred to as a dwelling house or a tenement house, and sometimes the term is used interchangeably with "flats." (3 C. J. S. 1422, 1423; *Lignot* v. *Jaekle,* 72 N. J. Eq. 233 [65 Atl. 221].) "Duplex houses" may in fact be apartments or flats. A "flat" may be used as a lodging house; if so, it is, under the terms of the present ordinance, not distinguishable from a rooming house. Structures placed side by side, or one in the rear of another, or in a circle or semi-circle, and frequently called inns or courts, do not lose their identity as hotels, rooming houses or apartments merely by bestowing upon them a different appellation, if in fact they are used to lodge the public. It is immaterial whether the place used for lodging purposes is built of stone or steel, brick or wood, or of a framework of cloth, or whether mother earth constitutes the floor and the high heavens the ceiling, if in fact it is a place

sufficiently defined in area, the letting or renting of which to guests, roomers or lodgers is engaged in as a business.

 ■ The words used in the ordinance definitely indicate that a license shall be required of one engaged in the business of renting lodging space to a guest or roomer. The construction placed upon the terms of the ordinance should be in conformity with the intent of the framers thereof (*Coulter* v. *Pool,* 187 Cal. 181 [201 Pac. 120]; *Estate of Roher,* 14 Cal. App. (2d) 669 [58 Pac. (2d) 948]), and when such ordinance has been construed to include any person engaging in renting lodgings as against conferring a tenancy, there should be no departure therefrom. (*Blalock* v. *Ridgway,* 92 Cal. App. 132 [267 Pac. 713].)

 ■ That the ordinance was intended to be all-inclusive and does in fact reasonably cover all lodgings is shown by its terms. If a flat is used as a lodging house, the party engaged in renting rooms therein is not deceived by the language of the ordinance and should know with certainty that if without a license, he is violating its terms. It is the business of renting rooms without a license which is prohibited; the type or form of structure in which the business is conducted is merely an incident thereto. The types enumerated are sufficient, including ''boarding house,'' inserted no doubt so that a boarding house keeper who also rented rooms, might not, under the guise of a boarding house proprietor defeat the purpose of the ordinance. Of course it is the renting of rooms, and not the business of boarding, which is the subject of the tax.

 ■ It is not required in a general occupational tax ordinance, nor in the section thereof here in question, that the legislative body should enumerate specifically by title or name every possible phase of the business of renting rooms as lodgings. To do so would be an endless task not necessary to the attainment of the result intended by the ordinance. It would be an easy matter to designate the premises in which such a business is conducted by a name not mentioned in the ordinance. In this period of giving to lodging places names indicative of their construction or suggestive of their location, some of which do not intimate the business of renting rooms to lodgers, much confusion would result in the interpretation of the ordinance if any consideration were given such name. It was certainly not intended that one engaged

in the business of lodging the public should by the device of operating a place under such name escape payment of the tax.

The article in the Civil Code relative to innkeepers (div. 3, pt. 4, tit. 3, ch. 2, art. 4), notwithstanding that "tenant" is therein sometimes used synonymously with "guest" or "lodger", indicates a general classification of "hotel-keeper, furnished apartment house keeper, furnished bungalow court keeper, boarding-house or lodging-house keeper" (sec. 1859), and keepers of "furnished cottages" (sec. 1861a) as "innkeepers", and provides therein certain rights, privileges and duties as between the innkeeper and guests, boarders and lodgers. The character of an inn is not lost because of difference in structure or surrounding buildings or lands. An inn is a place where the public will be received and accommodations provided to guests for compensation. (14 Cal. Jur. 316, sec. 2.)

Appellant attempts to fortify his contention by citations, using language that seems to undermine respondents' position and the trial court's interpretation. An examination of such decisions shows different factual backgrounds. In *Barker Bros., Inc.,* v. *Los Angeles, supra,* an ordinance placed a license tax on any store commonly known as a department store or any store where a variety of goods, wares and merchandise is displayed in or offered for sale in several departments or sections. Appellant in that case contended that he did not conduct a department store of the kind described. The court held that the ordinance did not sufficiently define "department store," saying (p. 608) : "If the owner of the furniture store keeps his stock in helter-skelter disorder he requires no license; if he arranges it by 'departments or sections' he must pay a tax. If he sells a 'variety' of household goods or china ware from a general stock he escapes taxation; if, however, he offers it for sale grouped according to kind, he is then carrying on a business subject to the ordinance. Certainly such classification, so far as the evidence presented in this case shows, is based upon no reasonable distinction." "The term 'commonly known as a department store' cannot be applied with any certainty to a particular business and is too indefinite to be used as a classification for the purpose of taxation." In the present case "apartment house" is not defined; neither is there a definition of hotel,

rooming house, boarding house or lodging house; but the ordinance is sufficiently clear to indicate that in any business of letting or renting rooms, a license is required.

*Bueneman* v. *City of Santa Barbara*, 8 Cal. (2d) 405 [65 Pac. (2d) 884, 109 A. L. R. 895], and *Town of St. Helena* v. *Butterworth*, 198 Cal. 230 [244 Pac. 357], cases cited by appellant on the question of requiring a tax on a particular kind of business, with preference given those within the confines of a municipality to the detriment of those without, are not in point with the question here involved, namely, whether there is discrimination against appellant in holding his apartment house to be within the purview of the present ordinance. In *City of Los Angeles* v. *Lankershim, supra,* an ordinance claimed to be regulatory, but in fact, as in the present case, simply an ordinance for revenue, imposed an occupational tax on the owners of buildings containing more than thirty rooms. The court pointed out that an owner renting twenty-nine rooms was in the same category, and therefore the classification was unjust and discriminatory. In the present case there is no classification and no discrimination; the amount of the license tax is in proportion to the business transacted, which is permissible under the ordinance. In *Justesen's F. S., Inc.,* v. *City of Tulare*, 12 Cal. (2d) 324 [84 Pac. (2d) 140], a "health measure" expressly exempting one class was held to be unreasonable and arbitrary. In the present case there is no express, and, as appears from an analysis of the ordinance, no implied exception.

Appellant is the owner of the building referred to in the complaint. It is urged that the act of an owner in renting his property does not constitute an occupation or engagement in business in the sense which may constitutionally subject him to a license tax. Section 21.08, defining "Engaged In Business" specifically refers to "owner" in conjunction with "officer, agent, manager, employee, servant or lessee." When the owner of the realty engages in the business of supplying accommodations to lodgers, he is conducting a business different from that of letting property to tenants.

Appellant suggests that a property owner is left entirely in the dark as to what is intended by the term "rooms." He states that he is renting apartments; that is, dwelling accommodations. Needless to say, when an apart-

ment is rented it is in fact a rental of the room or rooms contained therein. A room is an area set apart or appropriated for any purpose, marked off by a partition or lines indicating its extent. (54 C. J. 1102, 1103.) The only rooms that come within the purview of this ordinance are rooms rented to guests or roomers for lodging purposes; not rooms used as stores or the like, nor rooms leased or let to tenants conferring on them an interest in the realty.

Payment of an occupational license tax is generally enforceable by fine and imprisonment. A complaint in a criminal proceeding in the language of the ordinance, alleging necessary essential elements, with sufficient descriptive location of the structure, would be sufficient. The present ordinance, for revenue only, in no manner attempts to regulate the conduct of business. In its penal aspect, only one question need be considered: Is the language used so indefinite and uncertain that the ordinary lay mind would in good faith be deceived, and, whether engaged in the business of renting rooms for lodging accommodations in a dilapidated barn, under the trade name of ''barn,'' or in a sumptuous hotel apartment or apartment hotel, under the trade name of ''inn,'' believe that he was not violating the ordinance? It is not reasonable to assume that one would be misled because lodging accommodations, under any name, are divided or separated horizontally instead of vertically. Even the ''common mind'' (*In re Peppers*, 189 Cal. 682 [209 Pac. 896]) would understand that a license tax could not be evaded because a ''flat,'' in which a business of renting lodgings is conducted, is not specifically so defined in a building or health ordinance which enumerates structures conducting identical businesses. Any reasonable person engaged in such business would understand from the terms of the ordinance, having in mind its object, that it covered not only the structures enumerated, but any that might be included in such classifications.

Where the terms in a statute or ordinance are capable of different constructions, that upholding the constitutionality thereof is preferable. (*In re Flesher*, 81 Cal. App. 128 [252 Pac. 1057].)

The ordinance does not attempt to interfere in the conduct of the business; it does not discriminate in the amount of taxes to be paid, nor does it expressly or impliedly exempt

or discriminate between persons exercising the same privilege. It is sufficiently definite and certain in its terms to be enforceable.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied December 27, 1941, and appellant's petition for a hearing by the Supreme Court was denied January 21, 1942. Carter, J., voted for a hearing. Edmonds, J., did not participate therein. Spence, J., acting *pro tem.*