## TERRITORY OF HAWAII *v.* THE THOM COMPANY, LIMITED.

### NO. 2804.

ARGUED MARCH 19, 1952.          DECIDED MAY 19, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

The defendant in error was convicted of violation of section 7 (a) of Ordinance 941, City and County of Honolulu, for demanding and receiving $100 per month rental for premises located at 1776 Ala Moana road, Honolulu, said rental being $72.50 in excess of the maximum established by the Rent Control Commission of the City and County of Honolulu.

At the jury-waived trial, the principal defense was that the premises constituted a hotel and had therefore been decontrolled by amendment to the ordinance. (Ord. 1077,

City & Co. Hon., August 7, 1947.) The pertinent provisions of the amendment are: "Provided, however, that the terms of this ordinance shall not apply to vacant rooms or accommodations in hotels as defined in this section." "(m). The term 'hotel' means an establishment operating under a hotel business license issued pursuant to the provisions of Chapter 133, Revised Laws of Hawaii 1945, as amended, and used predominantly for transient occupancy, that is, for living quarters for nonresidents upon a short-time basis."

The issues presented are: first, whether the premises constituted a hotel within the meaning of the amended ordinance; second, whether the defendant in error acted in such good faith as precluded an intent, actual or implied, amounting to a willful violation.

The corporation acquired the land and improvements then consisting of seven units in August 1947. Additional units were constructed to comprise a total of twenty-one units. It contends that the premises are within the excepted provision of the amended ordinance since all of the units were in fact vacant at the time of acquisition; and that later upon commencement of business, it was operated predominantly for transient occupancy.

The exception enumerated in the amendment obviously embraces only establishments constituting and operating as hotels. Acquisition of premises which are untenanted prior to commencement of operations would not include rooms or accommodations in "vacant hotels."

In this connection, the defendant in error further contends that a hotel need not consist of a single inseparable unit, but may comprise two or more separate structures. That hotel premises may consist of two or more buildings or units is recognized. (*Edwards* v. *City of Los Angeles,* 48 Cal. App. [2d] 62, 119 P. [2d] 370; *Juengel* v. *City of Glendale,* 164 S. W. [2d] 610 [Missouri App.].) The ques-

tion for determination, however, is whether their collective use is predominantly for accommodation of transients; that is, rental of living quarters upon a "short-time basis."

The premises were established and advertised as the Hotel Kalia. A hotel license was issued to the corporation on September 23, 1947 and registration and accommodation of guests commenced in October 1947. The daily, weekly and monthly rates were posted as by law required. Linen and utility service was furnished to all units and refrigerators and cooking appliances to many. An office was maintained on the premises for registering guests. An office manager conducted such other business therefrom as was required in connection with the premises. Though weekly, and at times daily rates were prorated, there was but one basic rental rate of $100 per month upon which prorated rentals were actually charged. No petition for adjustment of the maximum monthly rental of $27.50 established by the order of July 20, 1944 was ever filed.

The Territory, admitting that the defendant applied for and was issued a hotel license (R. L. H. 1945, § 7078), contends that since the definition of a hotel established by the ordinance is controlling (*Wilner* v. *Vartanian,* 1947 Mun. Ct. of App., Dist. of Col., 55 A. [2d] 88), the defendant failed to comply with all of the requisites of the ordinance and thus did not come within the excepted provision. In support of this it contends that the guests were for the most part either permanent tenants or nonresidents who occupied the units on other than a "short-time basis"; and that in several instances registration was not accepted by the office manager on the premises, the prospective tenants being referred to an officer of the corporation at the corporate offices in another part of the city.

A "transient" is one who stays for a short time, not regular or permanent. (*Haller Baking Co.* v. *Borough of Rochester*, 180 Atl. 108, 118 Pa. Super. 501.) It is the anti-

thesis of the word "resident." (*New Haven* v. *Middlebury*, 63 Vt. 399, 21 Atl. 608.) The record establishes that six of the seven units during the period in question were occupied by tenants for periods of from six to sixteen months. These tenants occupied the same units from the date of registration. The hotel register is patently incomplete, but indicates that of this group of tenants, three listed mainland addresses.

We conclude upon the facts established by the record, that during the period in question the premises were not operated predominantly for transient nonresident occupancy upon a "short-time basis" and did not constitute a hotel within the meaning of the ordinance. As such, it was subject to the provisions of the ordinance applicable to maximum rentals.

Upon the issue of whether the evidence establishes good faith or a wilful violation, we construe the provisions of the rent control ordinance as requiring a new owner, upon acquisition of rental property, to register and notify the commission of any change in accommodations. The defendant, while at all times asserting that the premises constituted a hotel, was nevertheless apprized of the discrepancy in the rentals by several tenants, which was ignored, and further failed to inquire of or file a petition for adjustment of the rates as required. These facts negate the assertion of good faith.

Judgment affirmed.

*T. M. Waddoups* (*Robertson, Castle & Anthony* with him on the brief) for plaintiff in error.

*J. H. Kamo,* Assistant Public Prosecutor (*A. R. Hawkins,* Public Prosecutor, with him on the brief), for defendant in error.