Messerly v. Mercer.

C. E. MESSERLY, Respondent, v. W. R. MERCER, Appellant.

Kansas City Court of Appeals, May 11, 1891.

1. Trial Practice: DISPUTED ISSUE: TENANT OR LODGER: INSTRUCTION: NOTICE TO QUIT. Where plaintiff's evidence tends to make defendant a tenant, and defendant's testimony tends to show him a lodger, it is error to refuse an instruction that if defendant's testimony was believed thirty days' notice to quit was not necessary.

2. ——— : SPECIAL PRACTICE. A special finding that ignores undisputed important points and important controverted points for the defendant leads to the conclusion that defendant's theory, in its entire scope, has not received consideration in the court's conclusions.

*Appeal from the Pettis Circuit Court.*—HON. JOHN R. BOTHWELL, Special Judge.

REVERSED AND REMANDED.

*Charles E. Yeater*, for appellant.

The undisputed facts show that the consideration to the defendant was not only the furnished room, but the personal services of the attendant, together with supplying by plaintiff of the coal, water, toilet articles and all other such necessary supplies and conveniences, from which facts there arose between the parties in law the relation of lodging-house keeper and lodger, and not that of landlord and tenant as provided by the terms of section 6371, Revised Statutes, 1889. Bouvier's Law Dictionary; Burrill's Law Dictionary; 87 Law Times, 48, and review of all authorities, English and American, therein), *White v. Maynard*, 111 Mass. 250, and English and American cases therein cited; *Cochrane v. Tuttle*, 75 Ill. 361.

*Sangree & Lamm*, for respondent.

(1) The court's "finding of facts" has evidence to support every fact in it. It takes place of a verdict of a jury, and cannot be assailed on review in the appellate court. *Stephens v. Raab*, 9 Mo. App. 573; *Beck v. Pollard*, 55 Mo. 26; *Meyer v. McCabe*, 73 Mo. 236; *Miller v. Breneke*, 83 Mo. 163; *Hurlbut v. Jenkins*, 22 Mo. App. 572; *Mfg. Co. v. Bank*, 14 Mo. App. 576. (2) The apartment being furnished and let with janitor's services, the contract is of a mixed nature; but, in law, the rent is deemed to issue out of the realty.

alone, and not in part from the furniture, etc.   Wood's
Landlord & Tenant [ 1 Ed.] sec. 51, p. 91.   Even if the
apartment was not intended for or used partly as an
office, as found by the court, but was hired and used for
lodgings exclusively, as testified to by the defendant,
yet the relation of landlord and tenant is created by
the demise of furnished lodgings and all the incidents
of tenancy follow ( Taylor's Landlord & Tenant [ 6 Ed.]
p. 51 ), though the law is otherwise when "board" is
included.   (3)   As to the instruction prayed for, how-
ever good law (which is not at all conceded), *non
constat* that it was not properly refused on the grounds
assigned by the court.

ELLISON, J.—This action is for a month's rent of a
room.   The judgment below was for plaintiff.   The
defendant did not occupy for the month sued for, and
he was held liable on the theory that he was a tenant,
and that he failed to give the statutory notice of his
intention to quit.   There was evidence tending to show
that plaintiff leased the building, in which was the
room in controversy, for a term of years, and that he
occupied the lower part as a general store ; the other
floors were divided into rooms, which, including the
room in question, were in charge of a female house-
keeper employed by plaintiff ; the rooms were fur-
nished with carpet and bedchamber furniture ; that
they were daily cared for and kept in order by this
woman ; that fires were made and fuel furnished, as
was, also, fresh water, towels, soap and other things
needed in such apartments ; that the rooms were used
and occupied only for sleeping and lodging, and that
the key to the room in question was kept by the woman
in charge ; that there was a sign on the stairway, in
large letters, "Furnished Rooms."   The court refused
an instruction stating in effect that if such testimony
was believed by the court that thirty days' notice of an
intention to quit was not necessary ; and found for

plaintiff on the theory that such notice should have been given.

The cause having been tried by the court, instructions need only be considered in order to ascertain the theory upon which the cause was decided. We are satisfied from the refusal of the one asked by defendant that the theory as contended for by defendant did not have consideration. This was error. If the evidence for defendant is to be believed, he was a mere lodger and not a tenant. If such was the case no notice of intention to quit was necessary, as the statute of landlord and tenant does not apply, and the remedy between the parties would be governed by their contract. *White v. Maynard*, 111 Mass. 250 ; *Cochrane v. Tuttle*, 75 Ill. 361 ; *Monks v. Dykes*, 4 M. & W. 567 ; *Wansey v. Perkins*, 7 M. & G. 151 ; *Pitts v. Smedley*, 7 M. & G. 85 ; *Brewer v. McGowan*, L. R. 5 C. P. 239 ; *Smith v. Lancaster*, L. R. 5 C. P. 246. Defendant's testimony shows not only the house to have been under the direct control and supervision of plaintiff, but that the room in question was furnished and attended by plaintiff, whose servant retained the key thereto. Defendant makes himself a lodger, and not a tenant. The issue is whether he be a lodger or tenant, and, if instructions are given at all, both hypotheses should be submitted.

It is, however, suggested that the court made a finding of facts which show defendant to be a tenant, and that his testimony was not believed. But the difficulty with this contention is that important points made in defendant's testimony are not disputed by anything in the case, and are yet ignored. So, also, some important controverted points are ignored in the specific finding. As far as the record shows, it leads us to the conclusion that defendant's theory, in its entire scope, has not received consideration in the court's conclusions.

The judgment is reversed and the cause remanded. All concur.