[Civ. No. 1589. First Appellate District.—March 20, 1916.]

## D. L. FOX, Respondent, v. WINDEMERE HOTEL APARTMENT COMPANY et al., Appellants.

LODGING-HOUSE—WHAT CONSTITUTES.—Where a house is under the direct control and supervision of the owners, rooms are furnished and attended to by them, and they or their servants retain the keys thereto, a person renting such a room makes himself a lodger and

not a tenant, and the owners are lodging-house keepers, within the meaning of section 1861 of the Civil Code, giving such a person a lien as security for unpaid rent.

ID.—Claim and Delivery—Trunk and Contents Held for Unpaid Rent — Tender — Material Issue — Findings.—In an action of claim and delivery to recover a certain trunk and its contents by one claiming to be the owner, in which action defendants claim a lien under section 1861 of the Civil Code to secure unpaid rent, whether or not a legal tender of the amount alleged to be due was made, is a material issue upon which a finding should be made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Hiram E. Casey, for Appellants.

Wm. G. Weiss, for Respondent.

KERRIGAN, J.—This is an action in claim and delivery brought by plaintiff to recover a certain trunk and its contents, in possession of the defendants, of which plaintiff claimed to be the owner. The defendants, answering, alleged that they came into possession of the property as lodging-house keepers, and that they detained it by virtue of a lien, given to them as such by the provisions of section 1861 of the Civil Code, as security for the payment of the sum of $13.60 claimed to be due to them from plaintiff.

The case went to trial, and the plaintiff recovered judgment for the return of the property, or its value in case its return could not be had, the value being found by the court to be $750. Defendants appeal.

It appears that the plaintiff occupied three rooms, paying therefor $55 per month, in the certain premises conducted by the defendants known as the Windemere Hotel Apartments; that he quit possession of his rooms owing to the defendants the sum of $13.60, and the latter refused to allow him to remove the personal property in question from the premises, claiming, as above indicated, that they had a lien thereon to secure payment of the amount due them. Plaintiff offered testimony to show that he had tendered this amount to the defendants, but that they had refused to accept it. The testimony, however, upon this question was conflicting, and the

court failed to make any finding whatever upon the subject, but rendered judgment in favor of plaintiff.

In support of the judgment it is the contention of plaintiff that the defendants were not lodging-house keepers within the meaning of section 1861 of the Civil Code, and were therefore not entitled to a lien.

Upon this question the evidence shows that the defendants resided upon the premises and at all times had control and supervision over the same; that they had a hotel-keeper's license; that they offered for rent and rented rooms by the day, week, or month, or from month to month; that the premises consisted of fifty-eight apartments or suites of rooms; that all rooms, including those let to the plaintiff, were rented completely furnished; that the defendants retained keys to all the suites or apartments, and had access to them at all times for the purpose of keeping them in order; that they furnished the necessary linen, kept the carpets and windows clean, swept the hallways and removed the garbage, and in fact, it may be inferred from the record, that they also furnished the necessary light and heat, and did everything that lodging-house keepers usually do in the maintenance of a lodging-house.

Such was the showing made by the defendants. On the other hand, there was no attempt made by the plaintiff to distinguish the defendants' business as thus conducted from the ordinary lodging-house; in other words, there was no showing, for example, that the building was divided into separate sets of apartments or suites of rooms intended as homes or for the residence of families living independently of one another, and in which each family or household is provided with rooms, including kitchen, bathroom, and toilet. These are elements which would tend to constitute an apartment house (3 Corpus Juris., 251). If such evidence had been produced a different question would have been presented for determination. Under the circumstances of this case the mere fact that the word "apartment" appears as a portion of the designation of the premises is not sufficient to overcome the evidence in the case tending to show that the premises were in fact a lodging-house. A lodging-house is none the less such because it contains furnished apartments that are let out by the week or month (*Cromwell* v. *Stephens,* 2 Daly (N. Y.), 15). Where, as here, the testimony shows that the house was under

the direct control and supervision of the owners, that the rooms were furnished and attended to by them, and that they or their servants retained the keys thereto, a person renting such a room makes himself a lodger and not a tenant. (*Messerly* v. *Mercer,* 45 Mo. App. 327; *Wilson* v. *Martin,* 1 Denio (N. Y.), 602; *Toms* v. *Luckett,* 5 C. B. 23, [136 Eng. Reprint, 781]; *Linwood Park Co.* v. *Van Dusen,* 63 Ohio St. 183, [58 N. E. 576]; *Pullman Car Co.* v. *Lowe,* 28 Neb. 239, [26 Am. St. Rep. 325, 6 L. R. A. 809, 44 N. W. 226]; *Smith* v. *St. Michael,* 3 El. & El. 383, [107 Eng. C. L. 383, 121 Eng. Reprint, 486]; *Stamper* v. *Sunderland-near-the-Sea,* L. R. 3 C. P. 388; *Reg.* v. *St. George's Union,* L. R. 7 Q. B. 90.)

It does not appear from the record before us upon what theory the lien was denied; it may have been on the theory that a legal tender was made to the defendants of the amount due. This was a material issue upon which there should have been a finding.

The judgment is reversed.

Lennon, P. J., and Richards, J., concurred.