[Civ. No. 4277. Fourth Dist. July 14, 1952.]

AMBROSE ERWIN et al., Appellants, v. THE CITY OF SAN DIEGO et al., Respondents.

Wright, Thomas, Dorman & Fox for Appellants.

J. F. DuPaul, City Attorney, and Alan M. Firestone, Deputy City Attorney, for Respondents.

MUSSELL, J.—Plaintiffs and cross-defendants appeal from a judgment in favor of cross-complainants and respondents in an action for declaratory relief and injunction.

Plaintiffs Robert E. Hoffman and wife were the lessees and operators of premises known as the Leland Hotel in the city of San Diego. The hotel is situated in a business building of three stories and occupies one-half of the second floor and the entire third floor of the building. There are 31 single sleeping rooms for rent as guest rooms, which were and are rented by the day, week or month. A substantial number of the occupants of the rooms were permanent or semipermanent guests who pay rent on a monthly basis, substantially less than the daily or weekly rate. The services provided by the management are: supplying of linens, towels, bedspreads and blankets and cleaning of rooms for guests staying less than seven days. Linens only are furnished permanent guests. Two community laundries and three community kitchens are provided by the management for the convenience of hotel guests. The community kitchens are each in separate and distinct rooms and are not directly connected with the guest rooms. Each community kitchen is equipped with cooking units, refrigerators, sinks, tables and individual food lockers for use of guests utilizing these conveniences.

On or about September 29, 1949, defendants served notices on plaintiffs, stating that the maintenance of said community kitchens in the Leland Hotel constituted operation of the premises as an apartment and was in violation of the State Housing Act. Plaintiffs were threatened by said notices with prosecution and condemnation of said premises as unsanitary and unfit for human habitation.

On October 11, 1949, plaintiffs, Robert E. Hoffman and Mary J. Hoffman brought the present action for a declaration of their rights under said act and for injunctive relief. Later Ambrose Erwin was by order of this court substituted in the

place and stead of said plaintiffs as plaintiff, cross-defendant and appellant in said cause. Defendants answered and filed a cross-complaint alleging, among other things, that the said premises consist of the upper two stories of a three-story structure, which portion is rented by plaintiffs for occupation as a home to more than three families, each family living and sleeping in a separate room or suite of rooms and cooking within the structure; that plaintiffs have failed to install or provide baths or showers as required by section 17551 of the State Housing Act and have failed to install or provide any kitchen sink within any of the apartments on the premises, thus violating section 17580 of said act; that plaintiffs permit members of families who make their homes in said premises to cook and prepare food in certain rooms which plaintiffs call "community kitchens," contrary to the provisions of section 17700 of said act and have failed to provide or install a water closet within each apartment in violation of section 17501 of said act. The prayer of the cross-complaint is that the court order plaintiffs to provide all facilities, sanitary or otherwise, which are required by law for an apartment house or be enjoined from operating said premises as an apartment house.

The trial court found, in substance, that the plaintiffs are the operators and lessees of an apartment house known as the Leland Hotel; that cooking and dining facilities are provided and used as community kitchens by ten or more families who occupy apartments in said apartment house; that the plaintiffs failed and refused to install and provide therein sanitary facilities required by law for apartment houses and did not provide kitchen sinks within each apartment of said premises, as required by law, and did not provide a sufficient number of bathtubs and showers in said premises.

In the modified judgment, from which this appeal is taken, it was ordered that the plaintiffs be enjoined and restrained from occupying and operating the said premises as an apartment house unless and until they have installed therein at least one kitchen sink within each apartment of said premises. The injunction was made effective on June 30, 1951, if plaintiffs had not installed said kitchen sinks on or before that date.

Appellants contend that the installation of a kitchen sink within each single sleeping room of the Leland Hotel would serve no practical purpose, is not a technical requirement contemplated by the Legislature, and that the Leland Hotel

is not an apartment but is a hotel under the provisions of the Health and Safety Code.

Respondents contend that the installation of a kitchen sink within each apartment of the Leland Hotel comes within the purview of the Legislature in enacting section 17580 of the Health and Safety Code; that the Leland Hotel is an apartment house and, as such, should be required to meet the requirements of the Health and Safety Code for apartment houses or close the kitchen facilities within the structure and become a hotel as defined by the Health and Safety Code, section 15020.

The first question to be determined is whether the evidence supports the trial court's finding that the Leland Hotel is in fact an apartment house.

An "apartment" is defined in section 15002 of the State Housing Act, as follows:

" 'Apartment.' 'Apartment' means a room or suite of rooms in an apartment house or dwelling occupied, or intended or designed for occupation, by one family for living or sleeping purposes."

An "apartment house" is defined in section 15003, as follows:

" 'Apartment house.' 'Apartment house' means any structure more than one story in height, or any portion of any such structure occupied, or designed, built, or rented for occupation, as a home by three or more families, each living in a separate apartment and cooking within the structure."

A "hotel," as defined in section 15020 of said act, means any structure or any portion of a structure, including any lodging house, rooming house, dormitory, turkish bath, bachelor hotel, studio hotel, public club, or private club, containing six or more guest rooms and which is occupied, or is intended or designed for occupation, by six or more guests, whether rent is paid in money, goods, labor, or otherwise. A "guest" is defined in said act as any person who rents a room or occupies a room for sleeping purposes, and a "guest room" is defined as a room occupied, or intended, arranged or designed for occupation by one or more guests.

The evidence before us conclusively shows that more than six rooms in the Leland Hotel are guest rooms, rented to guests who occupy rooms or suites of rooms for sleeping purposes for hire by the day, week or month.

The record clearly shows that the premises involved constitute a hotel as defined in section 15020 of the State Housing

Act. It is a matter of common knowledge that hotels, in addition to guest rooms, sometimes contain apartments which include kitchen facilities and are designed and intended for occupation for persons or families for living or sleeping purposes. Under such circumstances, the entire hotel building would not necessarily be denominated an apartment house where it is designed and used primarily for the accommodation of guests. The guests in the hotel are not tenants and have no interest in the realty; they are mere licensees and the control of the rooms, halls and lobbies remains in the proprietor. (*People* v. *Vaughan*, 65 Cal.App.2d Supp. 844, 852 [150 P.2d 964].) Where, as here, the evidence shows that the building was known as the "Leland Hotel"; that it was under the control and supervision of the plaintiffs; that the rooms were furnished and attended to by plaintiffs and that they retained the keys thereto, renters of such rooms were and are lodgers and not tenants. (*Fox* v. *Windemere Hotel Apartment Co.*, 30 Cal.App. 162, 164-165 [157 P. 820].) The premises here involved were not divided into separate sets of apartments, rooms or suites of rooms intended to be used as homes within which persons or families live independently of one another and in which each person, family or household was provided with rooms, including kitchen, bathroom and toilet. As was said in *Fox* v. *Windemere Hotel Apartment Co.*, *supra*, page 164: "These are elements which would tend to constitute an apartment house." The dominant characteristics of the premises involved are those of a hotel or lodging house and the property is operated as such.

The next question presented is whether the trial court erred in decreeing that the plaintiffs be restrained from occupying and operating the premises as an apartment house unless and until they have installed therein at least one kitchen sink within each apartment of said premises. The statute (Health & Saf. Code, § 17580) provides as follows:

"Installation of kitchen sinks: In apartment houses. At least one kitchen sink shall be installed within each apartment in an apartment house."

We conclude that under this section kitchen sinks are only required in those individual apartments, rooms, suites of rooms or living units wherein food is cooked, prepared and consumed. The adjective "kitchen" modifies the word "sink," as used in section 17580, and obviously, the Legislature was

considering the installation of sinks in kitchens or places used or intended to be used for cooking and preparing food. The judgment requiring the installation of kitchen sinks in each individual room or suite of rooms compels the performance of a useless act and is erroneous.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.