**CITY OF FLORISSANT, Plaintiff-Appellant,**

**v.**

**ELLER OUTDOOR ADVERTISING COMPANY OF ST. LOUIS, Defendant-Respondent.**

**No. 35855.**

Missouri Court of Appeals, St. Louis District, Division Four.

April 15, 1975.

V. Jack Muehlenkamp, St. Louis, for plaintiff-appellant.

Robert C. Jones, St. Louis, for defendant-respondent.

NORWIN D. HOUSER, Special Judge.

City of Florissant brought suit in its municipal court charging Eller Outdoor Advertising Company with violating its newly enacted amendment to its municipal code by failing to obtain a 1973 business license for the maintenance of billboards located within the city limits. Found guilty and fined $25 in municipal court, Eller appealed to the circuit court. Following trial to the court without a jury defendant was discharged and judgment rendered in its favor. The city has appealed.

The amended ordinance requires the payment of an annual license fee of $100 for each billboard within the city limits, on a flat fee basis, without any provision for inspection or regulation of billboards. (Prior to the amendment the fee was $50 per billboard.) Eller, which maintained 3 billboards within the city limits, failed to pay the $300 required by the ordinance for the year 1973.

In circuit court Eller took the position that the cost of licensing must bear a reasonable ratio to the cost of inspection and regulating, otherwise the ordinance is void; introduced evidence that the city does not undertake to regulate or inspect the billboards, or require any reports from Eller with respect to its billboards or contact Eller in any way with respect to the billboards, except to send a bill for the license fee; argued that raising the annual charge from $50 to $100 per billboard unconstitutionally deprives Eller of its property without due process of law and is unreasonable, arbitrary, capricious and oppressive, since the charge bears no reasonable ratio to the cost of inspection and regulation.

The question before this Court is one of construction, not constitutionality.

The constitutional question, not having been raised at the earliest opportunity (in the municipal court), is not before us.

 A city, acting under its *police* powers, may provide for the inspection and regulation of businesses and occupations and levy a license tax for the purpose of defraying the necessary costs and expenses involved. In such case, as Eller points out, the cost of licensing must bear a reasonable ratio to the cost of inspection and regulation. Eller's contention (that it cannot be prosecuted under this ordinance, as amended, because the $100 annual license fee is not related to the cost of inspection and regulation) wholly ignores the rule that a city, acting in the exercise of its *taxing* powers, under charter or statute, may levy a license tax without any provision for inspection or regulation, solely for the purpose of raising revenue. Thunder Oil Co. v. City of Sunset Hills, 349 S.W.2d 82 (Mo. banc 1961); Viquesney v. Kansas City, 305 Mo. 488, 266 S.W. 700, 702 (banc 1924). Florissant imposed this license tax under the latter rule, in the exercise of its *taxing* powers. The ordinance requires payment of a $100 fee per billboard per year, without any requirement of the owner or operator other than payment of the fee and with no provision for inspection or regulation by city authorities. Payment of the fee gives the right to maintain the billboard, without any further condition. The only purpose served by the imposition of this fee is the raising of revenue. The exaction is a tax properly imposed under the taxing powers. It is not a regulatory measure passed in the exercise of the police power. Moots v. City of Trenton, 358 Mo. 273, 214 S.W.2d 31, 34[8–10] (1948). "We are not impressed with the argument that this ordinance does not contemplate any real regulation or inspection. As we have already pointed out, [license] taxes may be levied for regulation, or revenue, or both." Thunder Oil Co. v. City of Sunset Hills, supra, 349 S.W.2d l. c. 88.

 License fees for revenue purposes must be reasonable, but such a fee fixed by ordinance is prima facie reasonable. Before the courts will interfere and declare a license tax unreasonable a flagrant case of excessive or oppressive abuse of power on the part of the city authorities in levying the license tax must be established. Eller adduced no extrinsic evidence demonstrating any such abuse of power. Unreasonableness in this respect does not appear on the face of the ordinance. 508 Chestnut, Inc. v. City of St. Louis, 389 S.W.2d 823, 832[21–24] (Mo. 1965).

The circuit court erred entering judgment for defendant. The judgment is reversed and the cause remanded to the circuit court for the entry of judgment finding Eller guilty and for the assessment of punishment under the provisions of the ordinance.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.