**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Rollan STANLEY, Defendant–Appellant.**

No. 52552.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 17, 1987.

Motion For Rehearing and/or Transfer
Denied Dec. 17, 1987.

Application to Transfer Denied
Jan. 20, 1988.

**814**

William J. Shaw, Public Defender, Alice
A. O'Keefe, Asst. Public Defender, Clayton,
for defendant-appellant.

William L. Webster, Atty. Gen., John M.
Morris, Asst. Atty. Gen., Patrick L. King,
Jefferson City, for plaintiff-respondent.

STEPHAN, Presiding Judge.

This is an appeal from a conviction for ·stealing for which defendant was sentenced as a persistent offender to five years imprisonment. We affirm.

At approximately 1:50 p.m. on November 4, 1985, Officers Phillips and Dodge responded to a call regarding a suspicious person in the building located at 222 South Central, Clayton, Missouri. Phillips entered the building via a second floor stairwell and saw a man fitting the description of the reported suspicious person. Phillips stopped the man, whom Phillips' identified at trial as the defendant, and requested identification. Defendant replied that he had none with him. Phillips, noticing a bulge in defendant's rear pocket, conducted a pat-down search. The bulge turned out to be a ladies tri-fold wallet belonging to Mary Lacy. Phillips asked where the wallet came from and defendant stated he found it in the stairwell. Phillips advised defendant of his *Miranda* rights and defendant indicated he understood them.

Defendant was arrested and escorted to the Clayton Police Department by the officers. Before starting interrogation, the officers informed defendant of his rights by having him read a standardized form, initialing each statement and signing it at the bottom. Defendant admitted taking the wallet from a purse and agreed to make a written statement to that effect. The form on which defendant wrote his statement also contained the list of *Miranda* rights. Defendant read and signed that document also. When Defendant finished his written statement the time was approximately 2:45 p.m.

At trial, defendant attempted to offer into evidence a court record from a 1984 criminal proceeding against him. The purpose was to show that at that time defendant was determined to be unfit to proceed. However, in December, 1984, the circuit court entered another order finding that defendant's mental capacity was restored and that he could understand the proceedings against him and cooperate in his defense.

Defendant's first point on appeal presents two questions: 1) Whether defendant was under mental or physical duress during interrogation, and 2) whether his rights were sufficiently explained to him. If defendant was pressured into making his statement or did not knowingly and intelligently waive his constitutional privileges, then any statement he made could not be used against him. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ There is no evidence that defendant was under any undue duress, mentally or physically. The fact that his story changed from the first time it was told is not conclusive as to whether he was coerced. The record actually indicates the contrary. The interrogation was orderly. From the time the police received the first call at approximately 1:50 p.m. until the point when defendant signed the written statement at 2:45 p.m., only fifty-five minutes had passed.

■ There is also no evidence that *Miranda* was insufficiently explained. Officer Phillips advised defendant of his rights orally at the scene of the arrest. A written form listing the *Miranda* rights was provided to defendant before interrogation began. Lastly, the *Miranda* warnings were listed at the top of the form provided for defendant's written statement. In each instance defendant indicated that he understood his rights. There is, therefore, sufficient evidence to support the contention that defendant knowingly and intelligently waived his constitutional rights under *Miranda*. Point I is denied.

■ The second point alleges that the certified court record dated September 25, 1984 indicating defendant was unfit to stand trial on September 25, 1984 should have been admitted to show defendant was not capable of voluntarily waiving his constitutional rights on November 4, 1985.

We note initially that defendant's failure to include the document in his record on appeal would justify our ignoring the point. *Browning-Ferris Industries of Kansas City, Inc. v. Dance*, 671 S.W.2d 801, 807 (Mo.App.1984). From the discussion which appears in the transcripts concerning the order, however, we have concluded that the trial court did not err in sustaining the state's objection on the basis of relevancy. Not only had the order been entered more than a year before defendant made his incriminating statements, thus making it remote in time, *Leachman v. Northern Assurance Company of America*, 728 S.W.2d 307, 312 (Mo.App.1987) but it had been specifically withdrawn prior to the date here in question and replaced by an order finding defendant competent to assist in his own defense of the prior charge.

The trial court did not err in effectively holding that the first order was of no probative value on the issue of whether defendant understood his *Miranda* rights in this case and voluntarily waived them.

Affirmed.

DOWD and PUDLOWSKI, JJ., concur.