Dear Mr. Seay:
This opinion is in response to your question asking:
 Is it lawful for a third-class county to appropriate and disburse funds to an independent entity not a part of county government which is not a taxing entity, such as a chamber of commerce?
You have provided further information indicating that the Dent County Commission has been asked to appropriate without restriction $5,000 to the Salem Chamber of Commerce, a private entity. Although the appropriation would be unrestricted, there has been some discussion that the $5,000 would be used to develop tourism pamphlets regarding the local area.
Any authority which the county commission might have to make such a grant must be derived from statute.
 It is well settled that a county court is not the general agent of the county or of the state. Its powers are limited and defined by statute which constitutes its warranty of attorney. . . .
 A county like any other public corporation can exercise the following powers and no others: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation — not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation and the power is denied. Browning-Ferris Industries of Kansas City, Inc. v. Dance, 671 S.W.2d 801, 808
(Mo.App. 1984).
We cannot find any statute which expressly or by necessary implication authorizes the county commission to grant money without restriction to the chamber of commerce.[1] In the absence of such statutory authorization, such appropriation is not permitted.
In addition to the lack of statutory authorization, there is a constitutional problem associated with such appropriation. Article VI, Section 23 of the Missouri Constitution provides:
 No county, city or other political corporation or subdivision of the state shall own or subscribe for stock in any corporation or association, or lend its credit or grant public money or thing of value to or in aid of any corporation, association or individual, except as provided in this constitution.
Article VI, Section 25 of the Missouri Constitution (as amended in 1984) provides:
 No county, city or other political corporation or subdivision of the state shall be authorized to lend its credit or grant public money or property to any private individual, association or corporation except as provided in Article VI, section 23(a) and except that the general assembly may authorize any county, city or other political corporation or subdivision to provide for the retirement or pensioning of its officers and employees and the surviving spouses and children of deceased officers and employees and may also authorize payments from any public funds into a fund or funds for paying benefits upon retirement, disability or death to persons employed and paid out of any public fund for educational services and to their beneficiaries or estates; and except, also, that any county of the first class is authorized to provide for the creation and establishment of death benefits, pension and retirement plans for all its salaried employees, and the surviving spouses and minor children of such deceased employees; and except also, any county, city or political corporation or subdivision may provide for the payment of periodic cost of living increases in pension and retirement benefits paid under this section to its retired officers and employees and spouses of deceased officers and employees, provided such pension and retirement systems will remain actuarially sound.
The appropriation, since it is not in return for any goods, services or other consideration, is in the nature of a gift or grant. "The term `grant,' as used in the cited constitutional sections [Article VI, Sections 23 and 25, Missouri Constitution] has been treated by the Supreme Court of Missouri as synonymous with `give away.'" St. Charles City-County Library District v.St. Charles Library Building Corporation, 627 S.W.2d 64, 69
(Mo.App. 1981). The appropriation about which you are concerned would be in violation of Article VI, Sections 23 and 25 of the Missouri Constitution.
As a grant to a private entity, the proposed appropriation would violate these constitutional provisions no matter what incidental benefit to the public might result. In St. LouisChildren's Hospital v. Conway, 582 S.W.2d 687 (Mo. banc 1979), the court held that the City of St. Louis violated these and other constitutional provisions when it gave land which it owned to a private hospital corporation to aid the hospital in building an addition.
 There is no question but what the people of the city of St. Louis and other areas greatly benefit from the services rendered by the Barnes Hospital Group and St. Louis Children's Hospital in particular; however, the hospital is, nevertheless, a private — not a public — institution and the services rendered are essentially the same as any other hospital. And with all due respect for the special services rendered to children by the instant hospital, it must be observed that other private corporations also render benefits to the communities in which they are situated. But those benefits cannot be utilized to convert a private corporation or association into a public corporation for the purpose of allowing a municipal government to give its property away without, in effect, completely obliterating the prohibition against giving public property to private persons or associations as provided in our constitution.
* * *
 It becomes readily apparent that a constitutional charter city, and perhaps other cities, has been granted almost pervasive power to control their public streets, including power to vacate a street or part thereof. Here, however, the city went through the motions of vacating a street and at the same time required the area to remain in use as a public street. The result, of course, is that the street is not vacated at all.
 The substance of the ordinance provides for a transfer by warranty deed of a real property interest and not the vacation of a street. At least a part of the property conveyed by the city was held in fee simple — the area that was part of Forest Park. We do not know what interest — fee or easement — the city held in the remainder of the property. The gift of this real property by the city to a private institution cannot be approved in view of the prohibitions contained in art. 1, sec. 27, Mo. Const., which permits the disposition to be by `sale', and art. 6, secs. 23 and 25, Mo. Const., which prohibits the giving away of public property to a private association or corporation. Id.
at 690-691.
The conclusion that the grant to the chamber of commerce is not permitted is consistent with prior opinions of this office in which it was concluded that a county could not grant money to a not-for-profit corporation whose purpose was the promotion of the orderly growth and welfare of a city, Attorney General Opinion No. 75, Riley, February 29, 1952; that a city could not allow a chamber of commerce to use space rent free in a municipally owned building, Attorney General Opinion No. 9, Antonio, September 27, 1979; and that a city could not grant money to private not-for-profit corporations, such as a senior citizens center, Attorney General Opinion Letter No. 88, Sharpe, March 3, 1981, and a day care center, Attorney General Opinion Letter No. 69, Marshall, February 11, 1974. A copy of each of these opinions is enclosed.
CONCLUSION
It is the opinion of this office that a third-class county is not authorized to grant money without restriction to a private entity such as a chamber of commerce.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 75, Riley, February 29, 1952 Opinion No. 9, Antonio, September 27, 1979 Opinion Letter No. 88, Sharpe, March 3, 1981 Opinion Letter No. 69, Marshall, February 11, 1974
[1] Both Section 67.303, RSMo Supp. 1988, and Section349.012, RSMo 1986, authorize the county commission to appropriate money to promote and develop economic growth or commercial and industrial development within the county. However, the appropriation of money to private entities for these purposes must, by express terms of the statutes, be by contract.
Section 349.012, RSMo 1986, provides:
 The county commission, or other governing body, shall have the power to spend county funds to promote commercial and industrial development and, in order to achieve such promotion, to engage in any activities, either on its own or in conjunction and by contract with any not for profit organization, which it deems necessary to carry on such promotional work. [Emphasis added.]
Section 67.303, RSMo Supp. 1988, provides:
 1. The county commission of any county may engage in activities designed for the purpose of promoting and developing economic growth within its county.
 2. The county commission of any such county may contract with any political subdivision, firm, corporation, association, or person for the purposes of implementing the provisions of this section. [Emphasis added.]