ITT LYNDON LIFE INSURANCE COMPANY, Appellant,

v.

Lewis R. CRIST, Director of the Division of Insurance of the State of Missouri, Respondent.

No. WD 41610.

Missouri Court of Appeals, Western District.

Oct. 17, 1989.

---

**3.** For a discussion of "excusable neglect," *see* Laughrey, *Judgments—The New Missouri Rule,* 44 Mo.B.J. 11, 18 (1988).

Mark G. Arnold; Joseph P. Conran, St. Louis, John W. Inglish, Nicholas M. Monaco, Jefferson City, for appellant.

Mark W. Stahlhuth, Suzanne P. Bell, Missouri Div. of Ins., Jefferson City, for respondent.

Before CLARK, P.J., and
LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

This declaratory judgment suit involves an attempt by a life insurance company (Lyndon) to reduce the fee it had to pay the Division of Insurance of Missouri (Division) under § 374.230(1) RSMo.1986 (repealed and re-enacted in S.B. 250, Laws of Mo. 1989, effective August 28, 1989). The former section, applicable to this case before it was amended during the current session of the general assembly, authorized a fee to be charged to insurance companies doing business in the state, "not to exceed" ten dollars for each million dollars of insurance, "[F]or making valuations of policies or other obligations of assurance...." Summary judgment was granted in favor of the Division.

The facts are set out in a stipulation. Lyndon Life had some $22 billion of insurance in force in 1986 and $25 billion in 1987—the bulk of each sum in the form of reinsurance. In general terms, and as applicable to this case, reinsurance generally comes into play when a life insurance company issues a policy to an individual insured and will then turn around and obtain a policy from another insurer (reinsurer) indemnifying it when a loss under that policy occurs. *Homan v. Employers Rein-surance Corporation,* 345 Mo. 650, 136 S.W.2d 289, 296 (1939); *Black's Law Dictionary* (5th Ed.1979). The Division billed Lyndon $239,100 for 1986 and $251,260 for 1987; these fees were based on the statutory maximum of $10 per million. As the stipulation divulges, Lyndon's business was over 95% in reinsurance, meaning there were few policies to be examined and evaluated by the Division, so the actual amount of time spent on Lyndon's evaluation by the Division was no more than four hours per year. The parties stipulated as to the yearly salary of the two employee's involved as being in the range of $21,000 to $24,000. The other costs related to Lyndon's evaluation were $2.40 for postage and .71 cents for copies. No figure was agreed to for applicable overhead costs. All costs to the Division for valuing Lyndon's policies were less than $500 a year. Lyndon attempted to pay $12,345 for one year and $14,883 for the other, but the Division did not agree.

The Lyndon petition prayed for an injunction, an order requiring a computation of the actual costs to the Division, that the Division not be allowed to figure in the value of reinsurance to calculate the fees, that the fee bills should be declared to be no more than it had offered, and a declaration the Division's bills constituted a denial of equal protection and due process.

This court holds as a matter of law the fees of over $239,000 and $251,000, when compared to the $500 cost (not counting overhead) of providing the services on which the fees are based are excessive, amount to an abuse of discretion, and amount to a taking in denial of due process.

As argued by Lyndon and accepted by the Division, § 374.230(1) is not a "tax" on insurance companies but is a fee for the inspection and evaluation of the financial status of such companies. The plain meaning of § 374.230(1) also supports this conclusion. "Every insurance company doing business in this state shall pay to the collector of revenue the following *fees:* (1) For making valuations of policies or other obligations of assurance, not to exceed ten

dollars for each million dollars of insurance...." Section 374.230(1) (emphasis added).

The case at hand is one of first impression interpreting the scope of the word "fees" in § 374.230. However, the court is free to look at prior interpretations of surrounding sections in order to harmonize the statute as a whole and to carry out the legislative scheme. In *Leggett v. Missouri State Life Insurance Company*, the Missouri Supreme Court interpreted sister statute § 374.190 as "an *inspection statute*, imposed ... as a regulatory provision ... for the determination of the financial condition of insurance companies.... The fees and expenses incurred by § 374.220 are *inspection fees* ... designed as a compensation for a service rendered." (Emphasis added) (citations omitted). *Leggett v. Missouri State Life Insurance Company*, 342 S.W.2d 833, 876 (Mo. banc 1960). Inspection fees must bear a reasonable ratio to the cost of the inspection service provided, *Browning–Ferris Ind. of Kansas City v. Dance*, 671 S.W.2d 801, 810 (Mo. App.1984); *National Cable Television Ass'n, Inc. v. F.C.C.*, 554 F.2d 1094, 1107 (D.C.Circ.1976); *Finlayson v. Conner*, 167 So.2d 569, 572–73 (Fla.1964); 42 Am.Jur.2d Inspection Laws § 12 (1969); 44 C.J.S. Inspection § 12 (1945), or they will be held invalid as a confiscatory taking. *Browning–Ferris Ind. of Kansas City, supra*, at 810. Section 374.220(1) reads in part, "[t]he expenses of proceedings against insurance companies, ... and *valuations of policies* of insurance companies ... shall be assessed by the superintendent...." (Emphasis added). However, no fee schedule is given in this section. Yet the very next section, the one involved in this case, § 374.230(1), states that the fee for "*valuations of policies* ... [is] not to exceed ten dollars for each million dollars of insurance...." (Emphasis added). From the overall scheme of the three sections, § 374.230 is merely the fee schedule used when an insurance company pays charges pursuant to § 374.190 and § 374.220. Section 374.190 authorizes the inspection, § 374.220(1) states who shall pay for the inspection, and § 374.220 gives a fee sched-

ule stating how much shall be paid. Section 374.190 and § 374.220 are the controlling sections while § 374.230 is subordinate, merely giving guidelines for fees to be paid. In light of the construction given § 374.190 and § 374.220 by *Leggett*, coupled with the fact that § 374.230 is only a fee schedule to be read and used in conjunction with the aforementioned sections, the only harmonious interpretation that can be given § 374.230 is that it too, is an inspection fee which must be reasonable based on the cost of the inspection service provided. If this were not true, the holding in *Leggett* would be undermined, and the Division could charge any amount as long as it was within the maximum, no matter how unreasonable the charge might be. This flies in the face of statutory construction and will not be followed.

One may also extrapolate such a "reasonableness" standard from Missouri case law which states that when a "license, tax or permit on a business [is imposed] to recover the costs of *inspection*, the cost of a license must bear a reasonable ratio to [that cost]...." (Emphasis added). *Browning–Ferris Ind. of Kansas City v. Dance, supra*, at 810; *City of Florissant v. Eller Outdoor Adv. Co., St. Louis*, 522 S.W.2d 330, 332 (Mo.App.1975). Although the cited cases are concerned with licenses while the present case is concerned only with the charging of a fee, the purpose is the same for both; to charge enough to cover the administrative costs of inspection. There is no reasonable basis for the court to distinguish between the two.

The amount charged Lyndon by the Division was not reasonable. Even though there need not be exact precision between the amount charged and the actual cost of inspection, *ABC Security Service, Inc. v. Miller*, 514 S.W.2d 521, 526 (Mo.1974); *National Cable Television Ass'n, Inc. v. F.C.C., supra*, at 1108, one could hardly believe that charging $490,360 for services valued at $500 was reasonable. The Division must at least be within the proverbial "ballpark;" here it was not. The fee charged is to the level of a confiscatory taking, and is therefore invalid as a viola-

tion of due process. *Browning–Ferris Ind. of Kansas City v. Dance, supra,* at 810; *Thunder Oil Co. v. City of Sunset Hills,* 349 S.W.2d 82, 88 (Mo. banc 1961).

The Division seemed to argue that since the maximum fee of ten dollars per each million dollars of insurance is not of itself unreasonable, the fee should stand. They are mistaken. "What would be a fair and reasonable exaction ... as to one kind of business or activity might well be considered unfair and unreasonable as to another kind." (citations omitted). *Ross v. City of Kansas City,* 328 S.W.2d 610, 615 (Mo.1959); *National Cable, supra,* at 1108. Even though in most instances the maximum fee is reasonable, and even though the statutory fee may be reasonable on its face, when applied to Lyndon it is unreasonable, confiscatory, and therefore invalid.

Lyndon's point about an equal protection violation is denied—further discussion being unnecessary due to the ultimate disposition of the appeal. One other matter needs to be addressed.

As pointed out earlier, the general assembly has made a drastic change in the pre–1989 version of § 374.230(1). Effective August 28th of this year, the fee for making valuations will be a flat $1,000. The language of the prior version of the fee being for "making valuations of policies or other obligations of assurance" will remain the same. The court specifically rejects Lyndon's request to judicially determine that contracts of reinsurance and other forms of ceded contracts should not be included in determining this statutory fee. Because of the earlier reasoning, this particular ruling has no bearing on the ultimate disposition in this case and should have little or no effect on determination of fees under the new section which removes the variable of the amount of policy values in determining this fee.

The judgment of the trial court is affirmed in part and reversed in part, and the case remanded to allow the matter to proceed on Count III, alleging a due process violation, Count IV pertaining to the determination of actual costs and that portion of Count I asking for declaration of maximum assessment due from Lyndon. The judgment is affirmed as to Count II on equal protection and the trial court shall be allowed to consider the value of all reinsurance contracts of Lyndon in making its award of valuation fees. The Division is not liable for costs. *State ex rel. School District of City of Independence v. Jones,* 653 S.W.2d 178, 191 (Mo. banc 1983). Under Rule 77.01 Lyndon is the prevailing party. which would entitle it to costs. *Jorgensen v. City of Kansas City,* 725 S.W.2d 98, 110–11 (Mo.App.1987). Based on the fact that several counts of its petition are reinstated, and under the rationale of § 514.090, RSMo.1986, the award of costs in this case is discretionary. The court assesses one half of the costs of this appeal to Lyndon. *Cox v. Crider,* 721 S.W.2d 220, 224 (Mo.App.1986).